IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>vs.<br><br>MANUEL CRUZ-MENDEZ,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR JENCKS ACT SANCTIONS, IN PART, AND SETTING FORTH PROCEDURE TO RESOLVE REMAINING ISSUES<br><br><br>Case No. 2:05-CR-41 TS |

Before the Court is Defendant's Motion for Sanctions Over Jencks Act Violations. Defendant brings his motion on two grounds. First, Defendant argues that the government should have provided him a copy of Agent Gamarra's grand jury testimony prior to Defendant cross examining him in relation to Defendant's Motion to Suppress. Second, Defendant posits that the government should have provided him a copy of the prosecutor's notes, which were taken during interviews of Agent Derewonko and Officer MacFarlane. The Court has now

1

reviewed the papers before it, including the transcript of Agent Gamarra's testimony before the Grand Jury, as well as the oral argument made by counsel at the Motion to Suppress hearing, and will now rule as to Agent Gamarra's grand jury testimony.

Pursuant to Fed. R. Crim. P. 26.2, the government is required to produce a statement of its witness, if the statement was given during grand jury testimony and relates to the subject matter of the witness's testimony.  In reviewing Agent Gamarra's grand jury testimony, the Court finds that the terse questions and answers do not relate to the subject matter of Agent Gamarra's testimony offered in relation to Defendant's Motion to Suppress.  In fact, the testimony does not even touch on the circumstances surrounding Defendant's arrest but rather go to establish whether Defendant committed the crime charged.  The Court finds that Agent Gamarra's grand jury testimony is irrelevant to Defendant's Motion to Suppress.[1]

The parties dispute whether or not the government should be required to provide the notes the prosecutor took in interviewing Agent Derewonko and Officer MacFarlane.  Even though the Court has found that the government's counsel was completely forthright and accurate with her representation as to Agent Gamarra's grand jury testimony, the Court will exercise caution in assuring Defendant's rights.  Therefore, the Court will require that the government provide the notes at issue to the Court within ten (10) days of this Order for an *in camera* review.

---

[1] Because Agent Gamarra's testimony before the Grand Jury was not relevant to the testimony given during the Motion to Suppress, the Court need not, and does not, address the issue of whether Defendant had a right to such transcripts prior to conducting his cross examination at the Motion to Suppress hearing.  The Court would note, however, that Defendant failed to make the request for the transcript at issue until the time for Defendant's cross examination had arrived.

It is therefore

ORDERED that Defendant's Motion for Jencks Act Sanctions is DENIED insofar as it relates to Agent Gamarra's grand jury testimony. It is further

ORDERED that within ten (10) days of the entry of this Order, the government shall submit its counsel's notes taken in conjunction of interviews with Agent Derewonko and Officer MacFarlane so that the Court can evaluate these notes in an *in camera* review.

DATED   June 8, 2005.

BY THE COURT:

_____
TED STEWART
United States District Court Judge